**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEENAN ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-CV-01378-JAR |
| ) | |
| KELLY MORRISS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Keenan Robinson's pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The State responded. (ECF No. 7). Petitioner filed his traverse. (ECF No. 10). For the following reasons, Petitioner's Petition will be denied and this action will be dismissed.

**I.    Background**

In April 2015, a 9-1-1 caller alleged that Keenan Robinson "upped a gun on [her]." The police arrested Robinson and the State charged him with five counts. (ECF No. 7-12 at 2-3). Following trial, a jury convicted Robinson on two of those charges: unlawful use of a weapon and unlawful possession of a firearm. (ECF No. 7-3 at 14). The trial court sentenced Robinson to four-years imprisonment for unlawful use of a weapon and seven-years imprisonment for unlawful possession of a firearm, to run consecutively. (ECF No. 7-12 at 3). The appellate court subsequently reversed his conviction for unlawful use of a weapon. (ECF No. 7-6 at 11). Robinson filed a motion for postconviction relief on his remaining conviction, but the motion court denied relief. (ECF No. 7-12 at 6).

In its unpublished order affirming the judgment of the motion court below, the appellate court described the underlying facts as follows:

> [O]n April 19, 2015 . . . a 9-1-1 caller (the "Caller") alleged Robinson "upped a gun on [her]." Two police officers responded to the scene, and Caller told them that Robinson drove up in his vehicle and pointed a revolver with a red dot on it at her. Caller directed them to Robinson's residence. The police officers went to Robinson's residence and placed him under arrest. The police officers read Robinson his Miranda rights, and Robinson gave the officers verbal consent to a search of the residence. A search of Robinson's residence recovered a .357 revolver with five live rounds of ammunition from the basement and a box of ammunition for a .357 magnum revolver with five rounds missing from the main floor. The ammunition in the box was the same brand as those rounds in the revolver. The officers also discovered evidence of controlled substances during the search.
>
> The State charged Robinson with two counts of unlawful use of a weapon, unlawful possession of a firearm, and both felony and misdemeanor possession of a controlled substance. In pre-trial proceedings, Robinson moved to suppress the evidence recovered in the search of his residence, alleging he had not consented to the search based on the written consent form, which he signed at the police station after the search. Robinson's landlord (the "Landlord") testified that the basement was shared between two units, one of which was Robinson's, and that the Landlord retained a key to access the basement for maintenance work to be performed. The trial court took the motion under advisement then later denied the motion.
>
> Robinson was initially represented by other counsel, and trial counsel entered her appearance on Robinson's behalf approximately six months prior to trial. At trial, the jury heard evidence from the Landlord, police officers, and a recording of the 9-1-1 call. Robinson did not take the stand. Following trial, the jury found Robinson guilty on unlawful possession of a firearm as a convicted felon and one count of unlawful use of a weapon. The jury could not reach a verdict on the other charges. The trial court sentenced Robinson as a prior offender to four years in prison for unlawful use of a weapon and seven years for unlawful possession of a firearm to run consecutively with each other and with a ten-year sentence from another case.
>
> Robinson directly appealed his convictions and sentences, charging the trial court with error for admitting improper hearsay testimony in the form of the 9-1-1 call and the police officers' testimony about what Caller told them. This Court granted the appeal and reversed Robinson's conviction on the charge of unlawful use of a weapon. State v. Robinson, 535 S.W.3d 761 (Mo. App. E.D. 2017).
>
> Robinson then moved for post-conviction relief. In his amended Rule 29.15 motion, Robinson alleged trial counsel was ineffective for stipulating to one of Robinson's prior convictions and failing to subpoena his next-door neighbor ("Witness"), who stated in his deposition that he had been willing to testify. Robinson also alleged

appellate counsel was ineffective for failing to argue on appeal that insufficient evidence supported the conviction on the charge of unlawful possession of a firearm and that the trial court erred in denying the motion to suppress.

The motion court granted Robinson an evidentiary hearing. Appellate counsel testified that after reviewing the record of Robinson's prior felon status and possession of ammunition matching the gun recovered from the shared basement of his residence, she decided not to raise a sufficiency argument on appeal, but instead focus on the admission of impermissible hearsay evidence, which she viewed as the stronger claim for relief. Appellate counsel expressed concern that the weaker sufficiency claim would have possibly undermined the stronger hearsay argument. Appellate counsel also testified that she believed the consent-to-search issue was unlikely to be meritorious on appeal because the police officers testified Robinson gave verbal consent to search his residence, and an appellate court would be unlikely to disturb the trial court's credibility findings in denying the motion to suppress.

The motion court also received into evidence depositions of Robinson, Witness, and trial counsel. Robinson and Witness stated Witness would have testified that Robinson gave him his house keys when he was arrested and that the police officers later returned and requested the keys, which Witness provided. Witness further testified that the police officers then reentered Robinson's home for approximately fifteen to twenty minutes, exited with some "stuff" in "sandwich bags," and then returned the keys to Witness. Witness stated the bags were hard to see, and he did not know what they contained. Witness denied that anyone from the public defender's office contacted him but testified he had appeared at court at a pre-trial proceeding and answered questions via telephone. Robinson argued that because Witness did not see the police officers retrieve a gun from Robinson's residence, Witness's testimony would have provided evidence that Robinson did not possess the gun. Further, Robinson argued Witness's testimony would have supported his defense that the allegation that he possessed the gun was fabricated. Prior to trial, Robinson's initial counsel had contacted Witness, who came to court and indicated he was willing to testify at trial. After Robinson's initial counsel withdrew his representation of Robinson, trial counsel directed her investigator to contact Witness. Trial counsel testified her investigator interviewed Witness and communicated the information to trial counsel. Trial counsel did not initially subpoena Witness, as Witness had been cooperative and willing to testify at trial. Witness did not appear at trial. Robinson stated trial counsel told him she had subpoenaed Witness but that he failed to appear. Trial counsel testified that neither she nor her investigator were able to reconnect with Witness again in time for trial, as his phone message stated he was not accepting calls. Trial counsel testified she drafted a subpoena and sent her investigator to serve Witness after her continuance motion was denied, approximately ten days before trial, but the investigator could not locate Witness in time for trial.

> The motion court denied Robinson's Rule 29.15 motion for ineffective assistance of trial counsel, finding that it was reasonable to stipulate to the felony conviction and that Witness's testimony would not have provided a viable defense to the charged offense. The motion court denied Robinson's motion for Rule 29.15 motion for ineffective assistance of appellate counsel, finding appellate counsel was reasonable in not raising a sufficiency-of-the-evidence challenge because the facts in the record supported a reasonable inference that the firearm found in the basement belonged to Robinson. The motion court also found appellate counsel was not ineffective in failing to appeal the denial of the motion to suppress given the deference to the credibility determinations of the trial court as to the issue of consent.

(*Id.* at 2–6 (footnotes omitted)).

On appeal, Robinson renewed three arguments he made in postconviction proceedings: (1) trial counsel was ineffective for failing to subpoena his next-door neighbor Kevin Reynolds; (2) appellate counsel was ineffective for failing to argue there was insufficient evidence to support his conviction; and (3) appellate counsel was ineffective for failing to argue that the trial court erred in denying Robinson's motion to suppress evidence. (*Id.* at 6). The appellate court reviewed the evidence received in the motion court, including depositions of Robinson, trial counsel, appellate counsel, and Reynolds. (*Id.* at 4-5). Declining to reach the prejudice prong of *Strickland*, the appellate court concluded that the performance of both trial counsel and appellate counsel was reasonable and Robinson was thus not entitled to relief. (*Id.* at 8-15).

Robinson subsequently filed this Petition for a Writ of Habeas Corpus, raising four grounds for relief. (ECF No. 1). The first three grounds are the same as those argued in state court and are thus properly preserved for collateral review. Robinson's fourth ground alleging ineffective assistance of counsel in postconviction proceedings is barred by 28 U.S.C. § 2254(i), but for these purposes his argument will be treated as a claim that he has cause and prejudice excusing default under *Martinez v. Ryan*, 566 U.S. 1 (2012). To support his fourth ground, Robinson argues he is actually innocent because he was not present where alleged crime took place. (ECF No. 10 at 13–14). The Indictment stated that the unlawful possession of a firearm took place on Miami Street

on April 19, 2015 from 12:50 PM to 12:56 PM, but Robinson claims he was at his home address at that time. (*Id*.).

>    II.   **Standard of review**

**A. Federal habeas review**

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The application for a writ of habeas corpus shall be granted only on claims adjudicated on the merits in state court and only if those proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively

correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). The petitioner has the burden of rebutting that presumption by showing clear and convincing evidence that the state court's factual findings lack evidentiary support. *Id*. Review "under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Procedural Default

An application for a writ of habeas corpus can be granted only if the petitioner has exhausted all remedies available in state court, absent other special circumstances. 28 U.S.C. § 2254(b). If the petitioner has defaulted on a federal claim through failure to comply with an independent and adequate state procedural rule, federal review is barred unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or show that failure to consider the claim "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Ineffective assistance of counsel in federal or state collateral postconviction proceedings cannot be the basis of habeas relief. 28 U.S.C. § 2254(i). A narrow exception to that rule is that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish *cause* for a [petitioner's] procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (emphasis added). To establish cause and prejudice which justifies review of the defaulted claim, the petitioner must demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is "substantial," meaning it has some merit. *Id.* at 14.

### C. Ineffective assistance of counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To prevail on the deficient performance prong of the *Strickland* test, a petitioner must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. Review of counsel's performance is "highly deferential," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690. Courts also seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from "counsel's perspective at the time" of the alleged error. *Id*. at 689.

Similarly, appellate counsel is not ineffective for failing to raise every colorable argument on appeal. The "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (internal quotation marks omitted). The failure to "brief every conceivable issue for appeal" is not enough to render counsel ineffective. *Whitmill v. Armontrout*, 42 F.3d 1154, 1156 (8th Cir. 1994).

To establish the prejudice prong of the *Strickland* test, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695.

A court need not necessarily determine whether a movant meets the deficient performance prong because *Strickland* grants "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

Federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009). First, a petitioner must overcome the high bar of showing that counsel's performance "fell below an objective standard of reasonableness" and that there is a "reasonable probability" that "the result of the proceeding would have been different." *Strickland*, 466 U.S at 688, 694. Second, under 28 U.S.C. § 2254, a petitioner must show that the state court's adjudication of his ineffective assistance claim was "unreasonable." *Harrington v. Richter,* 562 U.S. 86, 105 (2011). "A federal court may grant habeas relief only if a state court violated '*clearly established* Federal law, as determined by *the Supreme Court* of the United States.'" *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (per curiam) (quoting 28 U.S.C. § 2254(d)). Such relief can only issue from a federal court to correct "extreme malfunctions in the state criminal justice syste[m]." *Id.* (quoting *Richter*, 562 U.S. at 102).

**D. Sufficiency of the evidence**

A petitioner may prevail on a sufficiency of the evidence challenge to their conviction "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In *Brende v. Young*, the Eighth Circuit described the applicable standard for sufficiency of the evidence challenges:

> In applying this standard, we do not re-weigh the evidence, and we must resolve inconsistencies in favor of the prosecution. Under AEDPA, we may grant relief only if we find the [state court's] conclusion that the evidence satisfied the *Jackson* sufficiency of the evidence standard both incorrect and unreasonable.

907 F.3d 1080, 1085 (8th Cir. 2018) (quoting *Nash v. Russell*, 807 F.3d 892, 897 (8th Cir. 2015) (cleaned up)).

### III. Discussion

### 1. Ground One

Robinson argues that trial counsel was ineffective when she failed to subpoena his neighbor Kevin Reynolds for trial. (ECF No. 1 at 5). Robinson believes counsel should have exercised greater diligence keeping in touch with Reynolds after her investigator interviewed him, and that she should have subpoenaed him at an earlier time before Reynolds unexpectedly became unavailable for trial. In response, the State maintains that trial counsel "reasonably relied on her investigator to make contact with Reynolds," and that her efforts to subpoena Reynolds were reasonably competent under the circumstances. (ECF No. 7 at 14–15). Robinson counters that trial counsel's efforts to secure Reynolds' testimony at trial were "unsuccessful due to circumstances within her control," and that the failure to obtain his testimony left her with no reasonable trial strategy. (ECF No. 10 at 4).

An attorney has a duty "to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt." *Eldridge v. Atkins*, 665 F.2d 228, 232 (8th Cir. 1981). However, failure to subpoena a witness at the earliest possible opportunity is not necessarily ineffective assistance. "A competent lawyer's duty is to utilize every voluntary effort to persuade a witness who possesses material facts and knowledge of an event to testify and then, if unsuccessful, to subpoena him." *Id.* at 235. Likewise, it is not unreasonable for counsel to rely on an investigator to interview witnesses rather than conducting all interviews personally. *Walls v. Bowersox,* 151 F.3d 827, 834 n.4 (8th Cir. 1998).

Trial counsel's actions relating to Reynolds as a potential witness were reasonable. Counsel directed her investigator to interview Reynolds, acquired his contact information, and confirmed his willingness to testify at trial on behalf of Robinson. Counsel did not immediately subpoena him to appear at trial because he was a cooperative witness. Ten days before trial, counsel prepared a subpoena after discovering she could no longer reach Reynolds by phone and her investigator tried, without luck, to locate and serve him. In all, she successfully obtained a statement from Reynolds, followed up with him by phone, and attempted to subpoena him before trial after he stopped returning her calls. The appellate court properly credited counsel's efforts to secure Reynolds at trial as reasonable under the circumstances. (ECF No. 7-12 at 8-11).

Moreover, trial counsel's failure to call Reynolds as a witness does not constitute deficient performance because the testimony would not have lent support to a "viable defense." (*Id*. at 10). While Robinson argues that Reynolds' testimony demonstrates that the possession charge was fabricated, Reynolds merely stated that he witnessed the police enter and exit Robinson's apartment with some items in plastic bags. Reynolds did not witness the search of the apartment and could not identify any of the items that the police removed from the apartment. (*Id*. at 5). Reynolds' testimony is unsupportive of any substantive defense on Robinson's behalf; witnessing the police come and go from Robinson's apartment with some unspecified items does not support the claim that the police fabricated the evidence of the firearm.

The state court properly concluded that trial counsel had not rendered ineffective assistance and had made all reasonable efforts to have Reynolds testify. Further, in the event Reynolds had testified, the content of what Reynolds knew would have provided a relatively weak defense and was thus not prejudicial. The judgment of the appellate court was neither contrary to established

federal law nor an unreasonable interpretation of the facts. Accordingly, Ground One will be denied.

### 2. Ground Two

Robinson contends that appellate counsel was ineffective because she failed to argue on direct appeal that the evidence was insufficient to support a conviction on the charge of unlawful possession of a firearm. (ECF No. 1 at 6–7). The State argues that appellate counsel made a competent strategic choice to not raise a sufficiency of the evidence claim because it would distract from other stronger arguments. (ECF No. 7 at 17-19). Robinson, however, claims that because the gun was found in the shared basement, the existence of the ammunition in his apartment is not sufficient to tie the gun to him and establish that he knowingly possessed a firearm. (ECF No. 10 at 7–8).

The State presented essentially three pieces of evidence supplied at trial indicative of Robinson's guilt: (1) the revolver recovered in the basement of his apartment, (2) ammunition recovered from upstairs in his apartment, and (3) the 9-1-1 call from the individual who alleged he flourished a gun at her. The appellate court held that the 9-1-1 call was inadmissible hearsay evidence, leaving only the revolver and ammunition in Robinson's apartment as evidence supporting the verdict. (ECF No. 7-6 at 11).

Excluding the 9-1-1 call, the evidence showed that the revolver found in Robinson's basement was loaded with bullets of the same brand as those found in the box of ammunition from his apartment. The revolver could hold five bullets, and there were exactly five bullets missing from the box of ammunition. Appellate counsel testified that she did not view the sufficiency argument as being very strong, with or without the 9-1-1 call as evidence. She believed the claim

was weak because the ammunition was in Robinson's apartment, and it matched the revolver, which was in his basement, an area he could easily access and control. (ECF No. 7-7 at 12–14).

Appellate counsel's decision to not pursue a difficult legal argument unlikely to prevail under the circumstances fell within the bounds of reasonably competent attorney performance. The gun and ammunition alone are sufficient evidence to infer Robinson's guilt, and under *Jackson*, any inconsistencies must be resolved in favor of the prosecution. *Brende*, 907 F.3d at 1085. In a habeas motion, an additional layer of deference under AEDPA permits reversal of a sufficiency claim only if the state court's conclusion was incorrect and unreasonable. *Id.* Here, the state court considered an ineffective assistance claim for failure to raise a *Jackson* claim, and its conclusions regarding counsel's performance and the underlying *Jackson* claim were neither incorrect nor unreasonable.

The state court reasonably found that appellate counsel demonstrated she had a "firm understanding" of the sufficiency claim and its relative likelihood of success, "as well as its potential to detract from the meritorious hearsay claims." (ECF No. 7-12 at 13). Appellate counsel was keenly aware that the sufficiency argument was relatively weak and that there was a risk that pursuing weaker arguments would undermine Robinson's strongest argument on the hearsay evidence. Far from ineffective assistance, the "winnowing" down of claims is widely recognized as wise appellate strategy. *Smith*, 477 U.S. at 536. The fact that the argument counsel pursued on appeal resulted in one of Robinson's convictions being reversed "underscores" the credibility of her strategy and the "reasonableness of her decision." (ECF No. 7-12 at 13). Under the doubly deferential standard of review required by AEDPA, the state court's assessment of the claim was reasonable in light of the factual record, which demonstrated the competency of counsel's strategic choices on appeal. For these reasons, Ground Two will be denied.

### 3. Ground Three

Robinson argues that appellate counsel was ineffective for failing to argue that the trial court erred in denying the motion to suppress evidence. (ECF No. 1 at 8). The police testified that they obtained verbal consent for the search of the apartment and basement, which Robinson disputes. He raised issues and inconsistencies concerning the timing of the written consent form that he signed after the fact. (ECF No. 7-12 at 14). Appellate counsel made a strategic choice to not raise this argument because she thought the appellate court was highly unlikely to disturb a trial court determination of credibility, which she described as "almost 100% a losing battle." (ECF No. 7-9 at 16). The State again maintains that appellate counsel exercised competent judgment focusing on the hearsay argument and not the comparatively weak motion to suppress claim. (ECF No. 7 at 17–19). Robinson replies that appellate counsel was ineffective because the consent to search issue had strong evidentiary support, as he testified that he did not verbally consent to the search and that he signed the written consent form only after the search. (ECF No. 10 at 11–12).

Even conceding the possibility that there is merit to the underlying claim regarding the validity of the search, the appellate court correctly established that counsel is not necessarily ineffective for failure to raise all non-frivolous claims on appeal. (ECF No. 7-12 at 15). A reasonably competent attorney should, and often will, winnow down arguments on appeal that are weak or likely to distract from stronger arguments. Appellate counsel assessed that the consent-to-search argument was unlikely to prevail before the appellate court because it would require disturbing the trial court's judgment on a question of credibility. (*Id.* at 14).

Appellate counsel's basis for not pursuing the motion to suppress argument was supported by an accurate understanding of the law and the relative strength of the claim. (*Id*. at 14–15). Given the strong deference given to decisions of the trail court on questions of credibility, her strategic

choice to focus on the hearsay claims was reasonable. The fact that her strategy was successful reinforces the conclusion that counsel exercised adequate professional and legal judgment. Since the state court reasonably concluded that counsel's strategic decision was within the bounds of professional competence, Ground Three will be denied.

**4. Ground Four**

Robinson requests relief on the basis that postconviction counsel was ineffective for failing to argue that trial counsel was ineffective for failing to argue he was actually innocent of the offense charged. (ECF No. 1 at 10). Robinson contends that he is actually innocent of unlawful possession of a firearm on Miami Street on the date and time listed in the Indictment. (ECF No. 10 at 13–14). The State argues that Ground Four should be denied because counsel is not required to argue each and every non-frivolous claim. (ECF No. 7 at 22). Counsel need only "select from potential issues" to "maximize the likelihood of success." (*Id.*). Additionally, Robinson failed to plead facts or identify any newly discovered evidence that trial counsel could have used to support the claim of actual innocence. (*Id.* at 24).

Ineffective assistance of postconviction counsel is barred as independent grounds for relief, 28 U.S.C. § 2254(i), but the Court will treat this ground as an argument that Robinson qualifies for the *Martinez* exception to procedural default. *Smith v. Andrews*, 75 F.4th 805, 808 (8th Cir. 2023) (a court should "tak[e] care to construe pro se filings liberally"). Postconviction counsel's performance must be evaluated on a cold record because the Court cannot grant an evidentiary hearing for claims based on ineffective assistance of postconviction counsel. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022) ("[U]nder § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel.").

At this stage, Robinson must demonstrate that postconviction counsel was ineffective and that the underlying ineffective-assistance-of-trial-counsel claim has substantial merit. *Martinez*, 566 U.S. at 14. He cannot show either. It is evident from the face of the record that postconviction counsel had ample reason to not raise the ineffective assistance claim. Absent evidence to the contrary, there is a "strong presumption" counsel rendered competent performance. *Strickland*, 466 U.S. at 689.

The Supreme Court has "never held [federal habeas review] extends to freestanding claims of actual innocence." *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993). As such, it is tenuous to suggest trial counsel was ineffective for not arguing Robinson should be acquitted because he is innocent, and more tenuous still to suggest postconviction counsel was ineffective by not arguing trial counsel should have raised the same argument. The failure to raise an argument that is not clearly cognizable as a valid constitutional claim is not ineffective assistance where counsel instead chose to argue stronger claims to relief. *See Smith*, 477 U.S. at 536.

Even assuming actual innocence is potentially a cognizable constitutional claim, Robinson's claim does not have substantial merit because he does not present facts indicating a strong innocence claim. The fact the Indictment stated that Robinson unlawfully possessed a firearm on Miami Street instead of at his home address is not plain error justifying relief under Missouri Rule of Criminal Procedure 29.12, which only allows the correcting of plain errors "affecting substantial rights" where "manifest injustice . . . has resulted therefrom." Mo. Sup. Ct. R. 29.12(b). In contrast, a harmless error, "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Mo. Sup. Ct. R. 29.12(a). If the Indictment merely erred on where the offense took place, this would be harmless error within the meaning of the rule. Robinson does not appear to be arguing he did not unlawfully possess a firearm, only that

he was not present at Miami Street as stated in the Indictment. (*See* ECF No. 10 at 13–15). Simply put, this is not a defect that affects any of Robinson's substantial rights.

Absent any material evidence supporting a finding he is innocent, the decisions of both trial counsel and postconviction counsel not to raise this issue did not constitute deficient performance because the argument was exceedingly unlikely to prevail. The gun found in Robinson's basement and the ammunition found in his apartment were sufficient evidence to support the jury's guilty verdict and there is no contrary evidence pointing toward innocence. Postconviction counsel's choice against litigating a likely unmeritorious issue was constitutionally adequate performance. Therefore, Robinson's procedural default cannot be excused, and Ground Four will be denied.

### IV. Conclusion

For these reasons, Petitioner is not entitled to habeas relief on any of the grounds asserted in his Petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's pro se Petition for a Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

A separate judgment will accompany this Memorandum and Order.

Dated this 24th day of March, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE